1  **O'HAGAN MEYER LLP**
   SUMY KIM, SB# 290082
2      Email: SKim@ohaganmeyer.com
   WILLIAM H. BOHANNON, SB# 319437
3      Email: WBohannon@ohaganmeyer.com
   One Embarcadero Center, Suite 2100
4  San Francisco, California 94111
   Telephone: 415.578.6900
5

6  Attorneys for Defendant
   JASPER AI, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SONYA SACHDEVA, an individual, | Case No. |
| Plaintiff, | [*Removed from the Superior Court of California, County of Contra Costa, Case No. C25-03495*] |
| vs. | |
| JASPER AI, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | **DEFENDANT JASPER AI, INC.'S NOTICE OF REMOVAL** |
| Defendant. | [Filed concurrently with Declaration of William H. Bohannon, and Declaration of Alexander M. Rindels] |
| | Action Filed in State Court: November 26, 2025 |

DEFENDANT JASPER AI, INC.'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Jasper AI, Inc., (the "Defendant") respectfully files this Notice of Removal ("Notice") to remove the above-captioned matter, filed by Plaintiff Sonya Sachdeva ("Plaintiff"), from the Superior Court of California, County of Contra Costa, Case No. C25-03495 to the United States District Court for the Northern District of California. This Notice is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. This Notice is timely under 28 U.S.C. § 1446. This Notice is supported by the Declarations of Alexander M. Rindels and William H. Bohannon, and attached exhibits, filed concurrently.

<u>RESERVATION OF RIGHTS</u>

By filing this Notice, the Defendant does not waive, and expressly reserves, all of its objections and defenses to this action including, especially and without limitation, its right to object to personal jurisdiction and venue, its right to compel this matter to arbitration, its right to enforce any waivers agreed to by Plaintiff, and any objections to the Complaint which they may interpose pursuant to Fed. R. Civ. P. 12.

The Defendant provides the following information in support of removal:

I.   <u>BACKGROUND</u>

1. On November 26, 2025, Plaintiff filed an unverified complaint for damages in the Superior Court of the State of California, Contra Costa County, entitled *Sonya Sachdeva, v. Jasper AI, Inc., et al.* Case No. C25-03495 (the "State Court Action"). A true and correct copy of this Complaint is attached to the Declaration of William H. Bohannon ("Bohannon Decl.") as **Exhibit 1**.

2. Putting aside any possible issues as to the efficacy of service, the earliest date on which it is possible that Defendant was served with summons and complaint is December 3, 2025. Bohannon Decl., ¶ 2.

3. The Complaint alleges ten (10) causes of action against Defendant in connection with the core allegation (which Defendant denies) that, under California law, Plaintiff experienced discrimination in relation to their termination. The causes of action are as follows: (1) sex discrimination; (2) disability discrimination; (3) pregnancy discrimination and failure to provide

1  reasonable accommodations; (4) failure to engage in good faith in the interactive process; (5) failure
2  to prevent discrimination; (6) retaliation in violation FEHA; (7) retaliation in in violation of CFRA;
3  (8) wrongful termination in violation of public policy; (9) Failure to provide wage statement
4  records; (10) failure to provide personnel records. *See generally*, the Complaint, Bohannon Decl.
5  **Exhibit 1**.
6  II.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD
7        4.    Notices of removal are subject to the same general pleading standards applicable to
8  complaints pursuant to Fed. R. Civ. P. 8(a), and as such notices need not attach evidence nor meet a
9  burden of proof but rather need contain only a "'short and plain statement of the grounds for
10 removal.'" *Dart Cherokee Basin Operating CO. LLC v. Owens*, 135 S. Ct. 547, 551-54 (2014)
11 (quoting 28 U.S.C. § 1446(a)).  This governing principle also applies to a removing party's
12 allegations as to the amount in controversy.  *Id.*; *see also Garnett v. ADT LLC*, F. Supp. 3d 1332,
13 1334 (E.D. Cal. 2015). Only if the court or another party contests the allegations of removability
14 must the removing party submit evidence supporting its allegations, whereupon removability is
15 decided under a preponderance of the evidence standard.  *Dart Cherokee*, 135 S. Ct. at 553-54.
16 III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION
17        PURSUANT TO 28 U.S.C. §§ 1332 AND 1441
18        5.    A civil action may be removed from a state court to a federal district court where the
19 action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).
20        6.    This action is a civil action over which this Court has original jurisdiction pursuant to
21 28 U.S.C. § 1332(a) because it is a civil action between citizens who are of different states and the
22 matter in controversy for the named Plaintiff exceeds $75,000, exclusive of interest and costs. Thus,
23 the action is removable to this Court under 28 U.S.C. § 1441(a) & (b).
24        A.    Complete Diversity Exists Between the Parties
25        7.    Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is
26 diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68
27 (1996).
28        8.    Plaintiff's Citizenship. For diversity purposes, a person's state "citizenship" is

1  determined by the state in which they are domiciled, and in turn a person's domicile is the place they
2  reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert*
3  *Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The place of residence is prima facie the domicile. *Ayala v.*
4  *Cox Automotive, Inc.*, 2016 U.S. Dist. LEXIS 153617, at *10 (C.D. Cal. Nov. 2016) (allegation that
5  Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to
6  the presumption that Plaintiff is a California citizen") (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*,
7  19 F.3d 514, 520 (10 Cir. 1994)). Here, Plaintiff alleges in the Complaint that she is a resident of
8  California (Complaint ¶ 1), and thus a citizen of California for the purposes of determining
9  citizenship.

10        9.    <u>Citizenship of the Defendant</u>: For diversity purposes, a corporation "shall be deemed
11 a citizen of any State by which it has been incorporated and of the State where it has its principal
12 place of business." 28 U.S.C. § 1332(c)(1). The phrase 'principal place of business' "refers to the
13 place where the corporation's high-level officers direct, control, and coordinate the corporation's
14 activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center."
15 *Id*. at 93. "[I]n practice [this] should normally be the place where the corporation maintains its
16 headquarters…" from which the corporation's business activities are directed, controlled, and
17 coordinated. *Id*. In situations where a business does not operate with a central, physical, corporate
18 headquarters, courts have adapted this test to consider both where a plurality of the leadership
19 resides, and the relative decision-making authority of those officers. *Evans v. Cardlytics, Inc.*, 701
20 F. Supp. 3d 1002, 1008-9 (C.D. Cal. Nov. 2023); *see also*, *Colmenares v. Paedae, Inc.*, 2021 U.S.
21 Dist. LEXIS 204308 at *13 (C.D. Cal. Oct. 2021); *see also*, *DFND Sec.,Inc. v. CrowdStrike, Inc.*,
22 2025 U.S. Dist. LEXIS 46407 at *5 (N.D. Cal. Mar. 2025); *see also*, *Vazquez v. Datarobot, Inc.*,
23 2023 U.S. Dist. LEXIS 174458 at *23-24 (N.D. Cal. Sept. 2023).
24        Here, the Defendant is incorporated under the laws of the State of Delaware. *See*
25 Declaration of Alexander M. Rindels ("Rindels Decl.") ¶ 2. While Defendant maintains a small
26 office in California, it is merely a location to collect mail and to provide a physical address as
27 necessary for corporate or legal filings. *Id*. at ¶¶ 3-4. None of Defendant's board of directors make
28 decisions out of California. *Id*. at ¶¶ 3, 4, 6(j). Similarly, two out of six of Defendant's executive,

1  "C-level", leadership work out of New York, and only one out of six primarily works out of
2  California. *Id.* at ¶ 6. So, a plurality of Defendant's executive leadership is in New York,
3  particularly when one considers their relative decision-making authority as "C-level" leadership.
4  Thus, for purposes of diversity analysis, Defendant is a citizen of New York and Delaware.
5  Accordingly, there is diversity with respect to Plaintiff and Defendant.

6      10.   <u>Doe Defendant's Citizenship</u>. The citizenship of Defendants Does 1 through 10 may
7  be ignored for removal purposes. *See* 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris*
8  *Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for
9  removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a
10 named defendant").

11     11.   Accordingly, the Complaint on its face indicates that there is complete diversity of
12 citizenship between Plaintiff and Defendant.

13          B.    <u>The Amount in Controversy Exceeds $75,000</u>

14     12.   Where, as here, "the plaintiff's complaint does not state the amount in controversy,
15 the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*,
16 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not
17 contain evidentiary submissions." *Id*. Rather, "a defendant's notice of removal need include only a
18 plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89.
19 "The amount in controversy is simply an estimate of the total amount in dispute, not a
20 prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F3d
21 395, 400 (9th Cir. 2010). The amount in controversy is determined from the allegations or prayer of
22 the complaint. *See Dart Cherokee*, 574 U.S. at 87; *see also, Chavez v. JPMorgan Chase & Co.*, 888
23 F.3d 413, 416 (2018).

24     13.   Economic damages, non-economic damages, general damages, attorneys' fees and
25 costs, the cost of complying with an injunction, and punitive damages all are included in
26 determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-
27 1156 (9th Cir. 1998); *Chavez*, 888 F.3d at 416-417; *see also*, *Adkins v. J.B. Hunt Transp., Inc.*, 293
28 F. Supp. 3d 1140, 1146 (2018) (finding that emotional distress damages may be considered when

calculating the amount in controversy). Here, without conceding that Plaintiff is entitled to recover any damages from the Defendant, and for purposes of this analysis only, at least $75,000 is at stake in this litigation as established through the following elements:

    a.    <u>Plaintiff's Prayer for Compensatory Damages</u>: As part of her lawsuit, Plaintiff seeks compensatory damages in connection with all of her causes of action. Complaint ¶¶ 32, 40, 47, 55, 63, 70, 81, 89, 95, 102. Plaintiff only makes general allegations regarding the extent to which she has been allegedly harmed by a loss of employment and the other allegations in the Complaint. *See, e.g.,* Complaint ¶ 32. Per Defendant's records, Plaintiff's final pay rate was $155,000 per year. Rindels Decl. at ¶ 7. Thus, Plaintiff could plausibly be claiming, at a low estimate that assumes the allegations in the Complaint as true, a half a year's wages, or $77,500, in connection with her various theories of wrongful termination and retaliation. This amount alone is in excess of the $75,000 requirement of 28 USC 1332(a), and comports with Plaintiff's filing of an unlimited civil case that demands over $35,000.

    b.    <u>Plaintiff's Prayer for Punitive Damages</u>: Plaintiff seeks "punitive and exemplary damages, according to proof" (Prayer for Relief, ¶ 5) under Civil Code § 3294 with respect to her first eight causes of action. Complaint at ¶¶ 35, 43, 50, 58, 66, 73, 84, 92, 107. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). While Defendant denies all liability for any punitive damages, outcomes in California reflect the likelihood that, if Plaintiff prevails at trial, her punitive damages alone may exceed the $75,000 amount in controversy threshold, or at least when coupled with the above estimate of her compensatory damages.

    c.    <u>Plaintiff's Prayer for Emotional Distress</u>: Plaintiff further seeks "special damages, according to proof" (Prayer for Relief, ¶ 2), and claims emotional distress with regards to her first eight causes of action. Complaint at ¶¶ 33, 41, 48, 56, 64, 71, 82, 90. The Court may consider emotional distress when determining the amount in controversy. *Adkins*, 293 F. Supp. 3d

at 1146.  While Defendant denies all liability for any punitive damages, outcomes in California reflect the likelihood that, if Plaintiff prevails at trial, her punitive damages, alone, may exceed the $75,000 amount in controversy threshold, particularly when coupled with the above estimate of her compensatory damages.  While Defendant denies all liability for any punitive damages, outcomes in California reflect the likelihood that, if Plaintiff prevails at trial, her emotional distress damages, at least when coupled with the above estimate of her compensatory damages, exceeds the statutory amount in controversy limit.

        d.      <u>Plaintiff's Prayer for Attorneys' Fees</u>: As part of his lawsuit, Plaintiff seeks attorneys' fees in association with every cause of action.  Complaint at ¶¶ 34, 42, 49, 57, 65, 72, 83, 91, 98, and 105, Prayer for Relief at ¶ 4. In the Ninth Circuit, the amount in controversy includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Assuming Plaintiff prevails on her claims, attorneys' fees would be allowed under applicable statutes, including Cal. Gov. Code § 12965(c). Here, it is plausible that the attorneys' fees alone would exceed the $75,000 statutory limit after trial, or at least when coupled with the above estimate of Plaintiff's compensatory damages.

    14.      Based on the above, Plaintiff's pleaded assertions and theories of recovery (including attorneys' fees) establish the amount in controversy exceeds $75,000, as her aggregated requests for monetary relief will exceed $75,000, exclusive of interest and costs.  Although Defendant denies Plaintiff's claims of wrongdoing and deny all claims for relief.  By removing this matter, Defendant does not waive, and, instead, reserves any rights it may have, including, without limitation, all available arguments and defenses. *See, Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

## IV.    DEFENDANT HAS SATISFIED ALL OTHER PROCEDURAL REQUIREMENTS

    15.      <u>Removal is Timely</u>. This Notice of Removal has been filed within 30 days of December 3, 2025, the date Plaintiff attempted to serve the Complaint on Defendant and from which it was first ascertainable by Defendant that this case was removable.  *See* 28 U.S.C. § 1446(b)(2)(3).

16. <u>Venue</u>. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1441. This action was originally brought in the Superior Court for the State of California, Contra Costa County, which is embraced by the Northern District of California.

17. <u>Pleadings and Process</u>. All pleadings, processes, and orders received by the Defendant in the State Court Action or found on the docket in that action are attached to the Declaration of William H. Bohannon, as follows: Complaint (**Exhibit 1**); Answer (**Exhibit 2**) Summons and Service of Process (**Exhibit 3**); Civil Case Cover Sheet (**Exhibit 4**); Notice of Removal to Plaintiff (**Exhibit 5**); Notice of the Case Management Conference (**Exhibit 6**); and, copy of the docket sheet from the State Court Action (**Exhibit 7**).

18. <u>Notice</u>. Concurrently with the filing of this Notice, the Defendant is giving written notice to all parties and is filing a copy of this Notice with the Clerk of Contra Costa County, California Superior Court. *See* 28 U.S.C. § 1446(d).

19. <u>Signature</u>. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

## V. CONCLUSION

20. Based on the foregoing, Defendant respectfully request that the State Court Action be removed to the United States District Court for the Northern District of California. If any question arises as to the propriety of removal of the State Court Action, Defendant respectfully requests the opportunity to present argument and evidence in support of this removal.

WHEREFORE, Defendant hereby removes the State Court Action to this Court.

Dated: January 2, 2026

                    Respectfully submitted,

                    O'HAGAN MEYER, LLP

                    By: _____
                    SUMY KIM
                    WILLIAM H. BOHANNON
                    Attorneys for Defendant
                    Jasper AI, Inc.